# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Walter C. Kelly, ) | |
| ) | Civil Action No. 0:14-cv-03870-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Joseph McFadden, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Petitioner, proceeding *pro se,* brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 25) filed on June 3, 2015, recommending that Respondent's Motion for Summary Judgment (ECF No. 14) be granted and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed, with prejudice. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file an objection to the Report "within fourteen (14) days of the date of service" or by June 22, 2015. (ECF No. 25.) Petitioner delivered his objection to the prison mailroom authorities on June 24, 2015. (ECF No. 30.) Petitioner therefore failed to file a timely objection. *See Houston v. Lack,* 487 U.S. 266, 270–71 (1988) (concluding that a prisoner's habeas pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).[1]

In the absence of timely filed objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25). It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 14) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**. The remaining pending Motion for Entry of Default (ECF No. 27) is **DENIED AS MOOT**.

---

[1] The court notes that even if Petitioner had timely filed his objection to the Report, his objection seems to be a convoluted ten-page list of sixty-one (61) vague objections, "denials," or "admissions," (*See* ECF No. 30.), that fails to address the Report with sufficient particularity for this court to be able to reasonably consider it.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 27, 2015
Columbia, South Carolina

3